WILLIAM R. TAMAYO (CA Bar No. 084965)
JONATHAN T. PECK, Supervisory Trial Attorney (VA Bar No. 12303)
CINDY O'HARA (CA Bar No. 114555)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105
Telephone No. (415) 625-5653
Facsimile No. (415) 625-5657

Attorneys for Plaintiff Equal Employment Opportunity Commission

E-Filing

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ALBION RIVER INN, INC.,<br><br>Defendant. | Case No. C 06 5356 SI<br><br>**COMPLAINT**<br><br>Civil Rights-Employment Discrimination<br><br>DEMAND FOR JURY TRIAL |

### NATURE OF THE ACTION

This action is brought pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race/national origin and retaliation, and to provide appropriate relief to Abdellatif Hadji, who was adversely affected by such practices. Defendant Albion River Inn, Inc. subjected Mr. Hadji, a manager at Respondent's restaurant, to unlawful discriminatory treatment based on retaliation, in that it terminated his employment after he opposed race/national origin based comments which were made to an employee under his supervision, as well as to Mr. Hadji himself. In addition, Respondent subjected Mr. Hadji to unlawful discriminatory treatment by basing the decision to terminate his employment on his race/national origin (Arab).

//

//

## JURISDICTION AND VENUE

1) Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and §102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2) The unlawful employment practices alleged herein were and are now being committed within the jurisdiction of the United States District Court for the Northern District of California.

## INTRADISTRICT ASSIGNMENT

3) This action is appropriate for assignment to San Francisco/Oakland because the unlawful employment practices alleged were and are being committed in Mendocino County, the employment records relevant to the unlawful practices were and are located in Mendocino County, and Defendant's principal place of business is in Mendocino County.

## PARTIES

4) Plaintiff, the Equal Employment Opportunity Commission ("Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by §§706(f)(1) and (3) of Title VII, §§2000-e(f)(1) and (3).

5) Defendant Albion River Inn, Inc. ("Defendant") is a California corporation, doing business in the State of California, in the County of Mendocino, and has continuously had at least 15 employees.

6) At all relevant times, Defendant Albion River Inn, Inc. has continuously been an employer engaged in an industry affecting commerce, within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000-e(b), (g) and (h).

//
//
//
//

## STATEMENT OF CLAIMS

### FIRST CLAIM FOR RELIEF

**Violation of Title VII of Civil Rights Act Based on Retaliation**

7) More than thirty days prior to the institution of this lawsuit, Abdellatif Hadji ("Charging Party") filed a charge of discrimination with Plaintiff Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8) Since at least November 17, 2004, Defendant engaged in an unlawful employment practice in violation of §704(a) of Title VII, 42 U.S.C. §2000-e-3(a) by terminating the Charging Party's employment in retaliation for his opposition to harassment based on race/national origin, or what Charging Party reasonably believed to be harassment based on race/national origin, of an employee under Charging Party's supervision. In addition or in the alternative, Defendant engaged in an unlawful employment practice in violation of §704(a) of Title VII, 42 U.S.C. §2000-e-3(a) by terminating the Charging Party's employment in retaliation for his opposition to harassment based on race/national origin, or what Charging Party reasonably believed to be harassment based on race/national origin, of Charging Party himself.

9) The effect of the action complained of in paragraph 13 above has been to deprive the Charging Party of equal employment opportunities and otherwise adversely affect his status as an employee because of his protected activity.

10) The unlawful employment practice complained of in paragraph 8 above was intentional.

11) The unlawful employment practice complained of in paragraph 8 above was done with malice or with reckless indifference to the federally protected rights of the Charging Party.

### SECOND CLAIM FOR RELIEF

**Violation of Title VII of Civil Rights Act Based on
National Origin/Race Discrimination**

12) Plaintiff Commission hereby incorporates the allegations of paragraphs 1 through 8 above as though fully set forth herein.

13) In addition to the above-referenced disparate treatment, Defendant engaged in the unlawful practice of race/national origin discrimination in violation of §703(a) of Title VII, 42 U.S.C. §2000e-2(a)(1) by discriminating against the Charging Party by terminating his employment on the basis of his race/national origin.

14) The effect of the actions complained of in paragraph 8 above has been to deprive the Charging Party of equal employment opportunities and otherwise adversely affect his status as an employee because of his race/national origin.

15) The unlawful employment practice complained of in paragraph 13 above was intentional.

16) The unlawful employment practice complained of in paragraph 13 above was done with malice or with reckless indifference to the federally protected rights of the Charging Party.

### **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons acting in concert or participation with them, from engaging in race/national origin discrimination and/or retaliation discrimination against their employees.

B. Order Defendant to institute and carry out policies, practices, and programs which prohibit disparate treatment and retaliation, and which eradicate the effects of its unlawful employment practices.

C. Order Defendant to make the Charging Party whole, by providing appropriate back pay and benefits with prejudgment interest, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to reinstatement and/or front pay and other appropriate relief to be determined at trial.

E. Order Defendant to make the Charging Party whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to such out-of-pocket expenses as medical care necessitated by Defendant's unlawful conduct, in amounts to be determined at trial.

E.  Order Defendant to make the Charging Party whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above including, but not limited to emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F.  Order Defendant to pay the Charging Party punitive damages for the malicious and reckless conduct described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court may deem just and proper in the public interest.

H.  Award the Commission its costs of this action.

## DEMAND FOR JURY TRIAL

Pursuant to the provisions of Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a jury trial.

**Ronald S. Cooper**
General Counsel
**James L. Lee**
Deputy General Counsel
**Gwendolyn Young Reams**
Associate General Counsel

**Equal Employment Opportunity Commission**
1801 L Street, N.W.
Washington, DC 20507

Date: August 30, 2006

_____
WILLIAM R. TAMAYO
Regional Attorney

Date: August 30, 2006

_____
JONATHAN T. PECK
Supervisory Trial Attorney

Date: August 30, 2006

_____
CINDY O'HARA
Senior Trial Attorney
**Equal Employment Opportunity Commission**
350 The Embarcadero, Suite 500
San Francisco, CA 94105
(415) 625-5653

COMPLAINT                                             Page 5