CHAPMAN, POPIK & WHITE LLP
David Nied (SBN 136413)
Raquel Lacayo-Valle (SBN 215612)
650 California Street, 19th Floor
San Francisco, CA 94108
Telephone: (415) 352-3000
Facsimile: (415) 352-3030
E-mail: dnied@chapop.com
       rlv@chapop.com

LAWYERS' COMMITTEE FOR CIVIL RIGHTS
Robert Rubin (SBN 85084)
131 Steuart Street, 400
San Francisco, CA 94105
Telephone: (415) 543-9444
Facsimile: (415) 543-0296
E-mail: rrubin@lccr.com

Attorneys for Intervener Abdellatif Hadji

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ALBION RIVER INN, INC.,<br><br>Defendant. | No. C 06-05356 SI<br><br>**STIPULATION AND ORDER PERMITTING THE INTERVENTION OF ABDELLATIF HADJI**<br><br>Trial Date: February 4, 2008<br>Time: 8:30 A.M.<br>Courtroom: 10<br>The Honorable Susan Illston |

1. In consideration of the stipulation by Intervener's counsel that the Cuneo depositions will proceed on March 6 and 7, 2007, the parties to this action, Plaintiff Equal Employment Opportunity Commission ("EEOC") and Defendant Albion River Inn, Inc. ("Albion"), do hereby stipulate to an order permitting the intervention of Abdellatif Hadji ("Intervener Hadji") in this action pursuant to Rule 24(a)(1) and 42 U.S.C. section 2000e-5(f)(1).

2. Accordingly, the parties stipulate to an order permitting Intervener Hadji to file the attached Complaint in Intervention in this action.

CHAPMAN, POPIK & WHITE LLP

Dated: 2/8/07   By: /s/ Raquel A. Lacayo-Valle
Raquel A. Lacayo-Valle
Attorneys for Intervener Abdellatif Hadji

LAW OFFICE OF
RAYMOND N. STELLA ERLACH

Dated: _____   By:_____
Raymond N. Stella Erlach
Attorneys for Defendant Albion River Inn, Inc.

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dated: _____   By:_____
Linda Ordonio-Dixon
Attorneys for Plaintiff EEOC

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _____   _____
Judge Susan Illston

G:\1356\P\Intervention Stip.wpd

2

Stipulation and Order Permitting the Intervention of Abdellatif Hadji        Case No. C 06-05356 SI

CHAPMAN, POPIK & WHITE LLP

Dated: _____  By: _____
Raquel A. Lacayo-Valle
Attorneys for Intervener Abdellatif Hadji

LAW OFFICE OF
RAYMOND N. STELLA ERLACH

Dated: Feb 8, 2007  By: /s/ Raymond N. Stella Erlach
Raymond N. Stella Erlach
Attorneys for Defendant Albion River Inn, Inc.

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dated: _____  By: _____
Linda Ordonio-Dixon
Attorneys for Plaintiff EEOC

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _____  _____
Judge Susan Illston

G:\1356\P\Intervention Stip.wpd

CHAPMAN, POPIK & WHITE LLP

Dated: _____  By: _____
                                  Raquel A. Lacayo-Valle
                                  Attorneys for Intervener Abdellatif Hadji

LAW OFFICE OF
RAYMOND N. STELLA ERLACH

Dated: _____  By: _____
                                  Raymond N. Stella Erlach
                                  Attorneys for Defendant Albion River Inn, Inc.

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dated: Feb 7, 2007  By: _____
                        Linda Ordonio-Dixon
                        Attorneys for Plaintiff EEOC

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _____  _____
                              Judge Susan Illston

G:\1356\P\Intervention Stip.wpd

```
CHAPMAN, POPIK & WHITE LLP
David Nied (SBN 136413)
Raquel Lacayo-Valle (SBN 215612)
650 California Street, 19th Floor
San Francisco, CA 94108
Telephone: (415) 352-3000
Facsimile: (415) 352-3030
E-mail: dnied@chapop.com
        rlv@chapop.com

LAWYERS' COMMITTEE FOR CIVIL RIGHTS
Robert Rubin (SBN 85084)
131 Steuart Street, Suite 400
San Francisco, CA 94105
Telephone: (415) 543-9444
Facsimile: (415) 543-0296
E-mail: rrubin@lccr.com
```

Attorneys for Intervener Abdellatif Hadji

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ALBION RIVER INN, INC.,<br><br>Defendant. | No. C 06-05356 SI<br><br>**COMPLAINT IN INTERVENTION**<br><br>Trial Date: February 4, 2008<br>Time: 8:30 A.M.<br>Courtroom: 10<br>The Honorable Susan Illston |

Intervener Abdellatif Hadji complains and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to hear this action pursuant to 28 U.S.C. section 1331 because this action arises under numerous laws of the United States including Title VII of the Federal Civil Rights Act of 1964, 42 U.S.C. sections 2000(e) *et seq*. Intervener Abdellatif Hadji ("Hadji") has the right to intervene in this action pursuant to 42 U.S.C. § 2000e-5(f)(1).

2. The claims involved in this action arose in the Northern District of California, in that the events described herein occurred in this judicial district. Intervener is informed and

believes and thereupon alleges that Defendant Albion River Inn, Inc. ("Albion") has its principal place of business in the Northern Division of the Northern District of California. Venue is accordingly proper in this Court pursuant to 28 U.S.C. section 1391.

### INTRADISTRICT ASSIGNMENT

3. This action is appropriate for assignment to San Francisco/Oakland because the unlawful employment practices alleged were committed in Mendocino County, the employment records relevant to the unlawful practices were and are located in Mendocino County, and Defendant's principal place of business is in Mendocino County.

### PARTIES

4. Intervener Hadji is a natural person and resides within this judicial district.

5. Intervener Hadji is informed and believes and thereon alleges that Defendant Albion is and at all times material herein was, a California corporation doing business in the State of California, in the County of Mendocino, and has continuously had at least 15 employees.

6. Plaintiff Equal Employment Opportunity Commission ("EEOC") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII.

7. At all relevant times, Defendant Albion has continuously been an employer engaged in an industry affecting commerce, within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. sections 2000-e(b), (g) and (h).

### FACTUAL ALLEGATIONS

8. Intervener Hadji incorporates herein, as if fully set forth, the allegations contained in the section entitled "Nature of the Action," paragraphs one through eight and 13 of the Complaint filed by the Equal Employment Opportunity Commission ("EEOC") in this action.

9. Intervener Hadji is of Moroccan and Arab descent.

10. Intervener Hadji was employed by Defendant Albion as the restaurant manager from April 2004 until his termination on November 18, 2004.

11. At all times during his employment, Intervener Hadji was qualified for employment as the restaurant manager of the Albion River Inn.

12. On or about November 16, 2004, a waiter of Tunisian origin, employed by Albion was harassed by a diner based on his race/national origin. Hadji was not working that night but learned of the incident the next day.

13. When the same diner returned to the restaurant on November 17, 2004, one of the wait staff informed Hadji of his identity. Hadji spoke to the diner and objected to his treatment of the waiter the prior evening.

14. The diner then directed racial slurs and epithets at Hadji. Hadji objected to the diner's use of derogatory and demeaning racial slurs and epithets, and Hadji asked the diner to leave the restaurant. As he was leaving the restaurant, the diner threatened Hadji with physical violence and continued to shout racial epithets and use vulgar language.

15. A few hours later, Peter Wells ("Wells"), co-owner of the Albion and his wife, came to the restaurant to discuss the incident with Hadji. Hadji recounted the events and his reasons for asking the diner to leave. Wells made numerous excuses for the diner's behavior.

16. On November 18, 2004 Hadji reported for work and was confronted by the Albion's general manager, Karen Laudadio ("Laudadio"). Laudadio conveyed a message from Wells that Hadji must either write a letter of apology to the diner or be terminated. When Hadji refused to apologize, Laudadio told him to go home.

17. On November 18, 2004, Albion terminated Hadji's employment in retaliation for his opposition to harassment based on race/national origin/ancestry, or what Hadji reasonably believed to be harassment based on race/national origin/ancestry, of an employee under Hadji's supervision.

18. In addition or in the alternative, Albion engaged in an unlawful employment practice when it terminated Hadji's employment in retaliation for his opposition to harassment based on race/national origin/ancestry, or what Hadji reasonably believed to be harassment based on race/national origin/ancestry, of Hadji himself.

19. Hadji felt betrayed and humiliated by his employer's reaction to the harassment he had experienced. He continues to feel a great deal of emotional distress and pain from the experience. Hadji was largely unemployed for eight months and suffered significant economic

deprivation for a time. In addition, he and his wife were forced to move from the Mendocino Coast to San Francisco to find work and to distance themselves from the incident.

20. Within the time provided by law, Intervener Hadji filed a charge of discrimination with Plaintiff EEOC alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

21. Within the time provided by law, Intervener Hadji filed a charge of discrimination with the California Department of Fair Employment and Housing ("DFEH"). Intervener received a right to sue letter from the DFEH with respect to his charges of discrimination. Intervener has in all respects complied with any and all applicable administrative exhaustion requirements under FEHA.

## FIRST CAUSE OF ACTION

### (Retaliation in Violation of Title VII of the Civil Rights Act)

22. The preceding allegations are re-alleged and incorporated herein by reference.

23. At all times herein mentioned, section 704(a) of Title VII, 42 U.S.C. section 2000e-3(a) was in full force and effect and was binding on Defendant.

24. Defendant engaged in an unlawful employment practice in violation of 704(a) of Title VII, 42 U.S.C. section 2000e-3(a) by terminating Intervener's employment in retaliation for his opposition to harassment based on race/national origin or what Intervener reasonably believed to be harassment, based on race/national origin of an employee under Intervener's supervision.

25. In addition, or in the alternative, Defendant engaged in an unlawful employment practice by terminating Intervener's employment in retaliation for his opposition to harassment based on race/national origin, of Intervener himself.

26. Defendant has deprived Intervener of equal employment opportunities and otherwise adversely affected Intervener's status as an employee because of his protected activity.

27. The unlawful employment practice complained of above was intentional.

28. The unlawful employment practice complained of above was done with malice or reckless indifference to the federally protected rights of Intervener.

## SECOND CAUSE OF ACTION

### (Race/National Origin Discrimination in Violation of Title VII of Civil Rights Act)

29. The preceding allegations are re-alleged and incorporated herein by reference.

30. At all times herein mentioned, section 704(a) of Title VII, 42 U.S.C. section 2000e-2(a)(1) was in full force and effect and was binding on Defendant.

31. In addition to the above referenced disparate treatment, Defendant engaged in the unlawful practice of race/national origin discrimination in violation of section 704(a) of Title VII, 42 U.S.C. section 2000e-2(a)(1), when Defendant terminated Intervener's employment on the basis of his race/national origin.

32. The effect of the actions complained of above has been to deprive Intervener of equal employment opportunities and otherwise adversely affect his status as an employee because of his race/national origin.

33. The unlawful employment practice complained of above was intentional.

34. The unlawful employment practice complained of above was done with male or with reckless indifference to the federally protected rights of Intervener.

## THIRD CAUSE OF ACTION

### (Retaliation in Violation of California's Fair Employment and Housing Act)

35. The preceding allegations are re-alleged and incorporated herein by reference.

36. At all times herein mentioned, Government Code section 12900 *et seq.* (California's Fair Employment and Housing Act, "FEHA") were in full force and effect and were binding on Defendant. Section 12940(h) of the Government Code makes it unlawful for "any person" to retaliate against an individual because the individual opposes any practice forbidden under the FEHA.

37. Defendant engaged in an unlawful employment practice in violation of the FEHA by terminating Intervener's employment in retaliation for his opposition to harassment based on race/national origin/ancestry or what Intervener reasonably believed to be harassment, based on race/national origin/ancestry of an employee under Intervener's supervision.

38. In addition, or in the alternative, Defendant engaged in an unlawful employment

practice by terminating Intervener's employment in retaliation for his opposition to harassment based on race/national origin/ancestry of Intervener himself.

39. As a proximate result of Defendant's conduct against Intervener, Intervener has sustained substantial losses in earning and other employment benefits. He has suffered and continues to suffer humiliation, emotional distress and mental and physical pain and anguish.

40. In light of Defendant's despicable, knowing and intentional discrimination against Intervener, Intervener seeks an award of punitive and exemplary damage in an amount according to proof.

### FOURTH CAUSE OF ACTION

**(Discrimination Based on Race/National Origin/Ancestry in Violation of the CA FEHA)**

41. The preceding allegations are re-alleged and incorporated herein by reference.

42. At all times herein mentioned California's FEHA was in full force and effect and was binding on Defendant. Section 12940(a) of the Government Code makes it unlawful for an employer to discharge a person from employment because of the person's race/national origin/ancestry.

43. In addition to the above referenced disparate treatment, Defendant engaged in the unlawful practice of race/national origin/ancestry discrimination, in violation of the FEHA when Defendant terminated Intervener's employment on the basis of his race/national origin/ancestry.

44. As a proximate result of Defendant's conduct against Intervener, Intervener has sustained substantial losses in earning and other employment benefits. He has suffered and continues to suffer humiliation, emotional distress and mental and physical pain and anguish.

45. In light of Defendant's despicable, knowing and intentional discrimination against Intervener, Intervener seeks an award of punitive and exemplary damage in an amount according to proof.

### FIFTH CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress)**

46. The preceding allegations are re-alleged and incorporated herein by reference.

47. Intervener believes and thereon alleges that Defendant's conduct in terminating

him was extreme and outrageous.

48. Intervener believes and thereon alleges that Defendant's conduct intended to cause or was in reckless disregard of the probability of causing Intervener emotional distress.

49. Intervener has suffered severe emotional distress from Defendant's conduct alleged above and ultimate termination of Intervener's employment.

50. Intervener's emotional distress was actually and proximately caused by Defendant's conduct alleged above and ultimate termination of Intervener's employment.

51. In light of Defendant's despicable, knowing and intentional discrimination against Intervener, Intervener seeks an award of punitive and exemplary damage in an amount according to proof.

## SIXTH CAUSE OF ACTION

**(Wrongful Termination in Violation of Public Policy)**

52. The preceding allegations are re-alleged and incorporated herein by reference.

53. Intervener believes and thereon alleges that Defendant unlawfully terminated him from his employment because of his race/national origin/ancestry. Such discrimination is in violation of the fundamental public policy expressed in California's Fair Employment and Housing Act, and has resulted in damage and injury to Intervener as alleged herein.

54. As a proximate result of Defendant's discriminatory conduct against Intervener, he has sustained substantial losses in earnings and other employment benefits. He has suffered and continues to suffer humiliation, emotional distress and mental and physical pain and anguish.

55. In light of Defendant's despicable, knowing and intentional discrimination against Intervener, Intervener seeks an award of punitive and exemplary damage in an amount according to proof.

## DEMAND FOR JURY TRIAL

Intervener hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Intervener prays for judgment in his favor and against Defendant as follows:

   A.   For compensatory damages, including loss of wages, bonuses and other benefits and opportunities of employment, according to proof, but not less than the jurisdictional limits of this court;

   B.   For mental and emotional distress damages according to proof;

   C.   For an award of interest, including prejudgment interest at the legal rate;

   D.   For punitive and exemplary damages in an amount sufficient to punish and deter Defendant's pattern of outrageous conduct.

   E.   For an award of legal expenses and attorney's fees as provided by 42 U.S.C. section 2000e-5(k), California Government Code section 12965 and Code of Civil Procedure section 1021.5.

   F.   For such other and further relief as the court deems just and proper.


Dated: February 8, 2007

CHAPMAN, POPIK & WHITE LLP


By: _____
Raquel A. Lacayo-Valle
Attorneys for Intervener Abdellatif Hadji

G:\1356\P\Complaint in Intervention.wpd

8

COMPLAINT IN INTERVENTION                                                Case No. C 06-05356 SI