IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | No. C 06-05356 SI |
| Plaintiff, | **ORDER RE: DISCOVERY** |
| ABDELLATIFF HADJI, | |
| Plaintiff-Intervener, | |
| v. | |
| ALBION RIVER INN, INC, | |
| Defendant. | |

On August 17, 2007, in conjunction with a regularly scheduled Case Management Conference in this action, the Court heard argument on plaintiff Equal Employment Opportunity Commission's (EEOC's) motion to compel discovery of communications between defendant's owners and David H. Jones, Jr. At the Conference, the Court granted defendant's request to file a surreply, which the Court has now reviewed. Having considered the arguments of the parties and the papers submitted, for the following reasons, the Court GRANTS the EEOC's motion.

The EEOC has sued defendant Albion River Inn for allegedly firing plaintiff-intervener Abdellatiff Hadji – the former manager of the Inn's restaurant – in retaliation for asking customers who had made deeply offensive race- and ethnicity-based remarks to leave the Inn's restaurant. The Albion River Inn is owned, in equal shares, by Flurry Healy and Peter Wells. According to defendant, David H. Jones, Jr. is a Certified Financial Planner and a "good friend" of Healy and Wells, Opposition at 9:3, and has been assisting Healy and Wells "to resolve their financial and management disagreements" since September 2003, *id.* at 23-24. At some point after the Inn fired Hadji, Healy and Wells contacted Jones

to seek his advice and assistance.

During deposition of Healy and Wells in this case, defense counsel instructed them not to answer any questions regarding conversations they had with Jones "in the course of Mr. Jones['] attempt to mediate any disputes." *See* Wells Depo. at 116. On this basis Healy and Wells refused to answer questions regarding several conversations in which Jones participated, or during which Jones was present. *See id.* at 103-104, 106, 113. Defendant has also apparently withheld e-mails involving Jones on the same "mediation privilege" basis.

In opposition to plaintiff's motion, defendant argues that Jones is a "mediator" covered by the Local Rules for Alternative Dispute Resolution (ADR), and that under those rules, Healy's and Wells's communications with Jones are privileged and confidential. Though creative, defendant's argument is wholly unconvincing. The Local Rules for ADR were adopted "to make available to litigants a broad range of *court-sponsored* ADR processes . . ." ADR L.R. 1-2 (emphasis added). Defendant provides no evidence that Jones, Healy, and Wells were involved in a court-sponsored ADR process when the allegedly privileged communications were made.

In response to this fact, defendant argues that "nothing in Local Rule 6-11," which provides for confidentiality, "defines covered 'mediations' as only mediations conducted under the Northern District's program." Oppo. at 7:18-19. To the contrary, as stated above, all of the Local Rules for ADR, including Rule 6-11, apply only to court-sponsored ADR processes. *See* ADR L.R. 1-2; *see also* ADR L.R. 6-2 ("appropriate civil cases may be referred to mediation by order of the assigned Judge following a stipulation by all parties, on motion by a party under Civil L.R. 7, or on the Judge's initiative."). Wells's and Healy's communications with Jones are not protected by the mediation privilege.

In its surreply, defendant shifts its focus away from the Local Rules for ADR, and urges the Court to consider federal common law. None of the federal common law authority cited by defendant, however, would protect the communications at issue here. While there may exist a "federal mediation privilege applicable to all communications made in conjunction with a formal mediation," *Folb v. Motion Picture Industry Pension & Health Plans*, 16 F. Supp. 2d 1164, 1179-80 (C.D. Cal. 1998), there is no "formal mediation" at issue here. At its most fundamental, mediation is an attempt, by a neutral third party, to help adverse parties reconcile their disputes. In this case, Jones was certainly not a

2

neutral third party, and his primary role was to help Wells and Healy settle disputes they had between each other. He apparently became involved with this case only because Wells and Healy disagreed as to whether Mr. Hadji had been treated fairly.

For the foregoing reasons, the Court GRANTS plaintiff's motion to compel. Defendant must produce all withheld documents concerning or consisting of communications with David H. Jones, Jr., and defendant must produce Wells and Healy for additional deposition regarding such communications.

**IT IS SO ORDERED.**

Dated: September 4 , 2007

SUSAN ILLSTON
United States District Judge