IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>   Plaintiff,<br><br>ABDELLATIFF HADJI,<br><br>   Plaintiff-Intervener,<br> v.<br><br>ALBION RIVER INN, INC,<br><br>   Defendant.<br>               / | No. C 06-05356 SI<br><br>**ORDER DENYING DEFENDANT'S REQUEST FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION AND FOR STAY** |

On September 4, 2007, the Court granted plaintiff's motion to compel discovery of communications between defendant's owners and David H. Jones, Jr. Defendant now requests leave to file a motion for reconsideration of that Order. For the following reasons, the Court DENIES defendant's request.

In the Northern District of California, no motion for reconsideration may be brought without leave of court. *See* Civil L.R. 7-9(a). Civil Local Rule 7-9(b) provides, in pertinent part:

The moving party must specifically show:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which the reconsideration is sought. The party must also show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

*See* Civil L.R. 7-9(b).

Defendant presumably brings its request pursuant to subsection (3). The Court has reviewed its prior Order, and all of the papers previously submitted by the parties, and finds that it did not fail to consider any material facts or dispositive legal arguments. As discussed in the underlying Order, to the extent that there is a uniform federal common law mediation privilege, it does not extend to the communications at issue here. As the Supreme Court stated, in discussing the appropriateness of a "psychotherapist privilege":

> The common-law principles underlying the recognition of testimonial privileges can be stated simply. "'For more than three centuries it has now been recognized as a fundamental maxim that the public . . . has a right to every man's evidence. When we come to examine the various claims of exemption, we start with the primary assumption that there is a general duty to give what testimony one is capable of giving, and that any exemptions which may exist are distinctly exceptional, being so many derogations from a positive general rule.'" *United States v. Bryan*, 339 U.S. 323, 331, 94 L. Ed. 884, 70 S. Ct. 724 (1950) (quoting 8 J. Wigmore, Evidence § 2192, p. 64 (3d ed. 1940)). *See also United States v. Nixon*, 418 U.S. 683, 709, 41 L. Ed. 2d 1039, 94 S. Ct. 3090 (1974). Exceptions from the general rule disfavoring testimonial privileges may be justified, however, by a "'public good transcending the normally predominant principle of utilizing all rational means for ascertaining the truth.'" *Trammel*, 445 U.S. at 50, quoting *Elkins v. United States*, 364 U.S. 206, 234, 4 L. Ed. 2d 1669, 80 S. Ct. 1437 (1960) (Frankfurter, J., dissenting).

*Jaffee v. Redmond*, 518 U.S. 1, 9 (1996). In this case, the "public good" at issue is protecting and encouraging the use of mediators by dead-locked shareholders of corporations. Defendant cited no authority, and the Court found none, supporting the proposition that this unique "public good" is sufficient to "transcend[] the normally predominant principle of utilizing all rational means for ascertaining the truth." *Id.*

For the foregoing reasons, the Court DENIES defendant's request for leave to file a motion for reconsideration. [Docket No. 37] No stay of this action is warranted.

**IT IS SO ORDERED.**

Dated: September 6 , 2007

SUSAN ILLSTON
United States District Judge