IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

ABDELLATIFF HADJI,

    Plaintiff-Intervener,

v.

ALBION RIVER INN, INC,

    Defendant.

No. C 06-05356 SI

**FINAL PRETRIAL SCHEDULING ORDER**

On January 23, 2008, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning February 4, 2008. All parties were represented by counsel. The following matters were resolved:

1.    **Number of jurors and challenges**: There shall be a jury of 8 members. Each side shall have up to four peremptory challenges.

2.    **Voir dire**: The court will conduct general voir dire, and counsel for each side shall have up to 20 minutes total to question the panel. At the parties' request, potential jurors will also complete a questionnaire prior to voir dire. The Court will provide the final approved form of questionnaire to the parties, and the parties shall provide no fewer than 35 copies of the questionnaire to the Jury Commissioner no later than Friday, February 1, 2008. The potential jurors will complete the questionnaire Monday morning, February 4, 2008, and the parties shall collect the completed questionnaires from the Jury Commissioner's office at 10 a.m. on February 4, 2008. The parties shall

copy the completed questionnaires and return the originals to this Court, and may review the completed questionnaires until 11:30 a.m. on February 4, 2008. At that point, the potential jurors will be sent to the courtroom for voir dire.

3. **Jury instructions**: Counsel have submitted certain joint proposed jury instructions, and separate sets of contested instructions. No later than **Thursday, January 31, 2008**, counsel shall submit one complete set of proposed instructions, containing both agreed upon instructions (which shall be so noted), and contested instructions, all in the order in which they should be read to the jury. Where contested instructions are included, they should be annotated both with the proponent's authority for seeking the instruction and the opponent's reason for opposition. Where feasible, competing instructions addressing the same point shall be included together in the single set of proposed instructions. The final submission shall be filed in hard copy and also submitted to the court on disk, suitable for reading by WordPerfect 10 (windows) on or before January 31, 2008.

4. **Trial exhibits**: No later than January 31, 2008, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side. To the extent that original documents are to be used as exhibits in the case, they should be included in the set of exhibits for the court.

5. **Timing of trial**: The parties estimated that the trial should take approximately 12 days. Based on this estimate, each side shall have 45 minutes for opening statements; each side shall have 20 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 60 minutes for closing argument. In the event that a punitive phase is necessary, it shall occur during one day; each side shall have 20 minutes for opening statements, 1 hour for presentation of evidence, and 30 minutes for closing argument.

6. **Trial schedule**: Jury trials are generally conducted Monday through Thursday; jury

trials are generally not conducted on Fridays, although deliberating juries are free to deliberate on Fridays. The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 45 minute break at 12:00 noon and a 15 minute break at 2:00 p.m., all times approximate. Monday, February 18, 2008 is a federal holiday, so the court will not be in session that day.

7. **Motions in limine**: The parties filed 32 motions in limine,[1] as follows:

**Plaintiff's motions:**

**Plaintiffs' No. 1: to exclude inadmissible character evidence/prior bad acts regarding Hadji's purported aggressive/violent nature:** Plaintiffs seek to exclude evidence of prior aggressive or inappropriate behavior at work between Hadji and his co-workers. The motion is DENIED to the extent that the decision-makers concerning Hadji's termination (Peter Wells, Flurry Healy and/or Karen Laudadio) were aware of the behavior. The motion is GRANTED with respect to incidents or evidence of which the decision-makers were not aware. Both rulings are without prejudice to specific objections to specific questions at time of trial.

**Plaintiffs' No. 2: to exclude inadmissible character evidence concerning Hadji's purported discriminatory treatment of employees:** This motion also seeks to exclude evidence of prior behavior at work between Hadji and his co-workers. The motion is DENIED to the extent that the decision-maker(s) concerning Hadji's termination were aware of the behavior. The motion is GRANTED with respect to incidents or evidence of which the decision-makers were not aware. Both rulings are without prejudice to specific objections to specific questions at time of trial.

**Plaintiffs' No. 3: to exclude evidenced regarding the sufficiency of the EEOC investigation, including testimony of investigator Kristine Jensen:** Plaintiffs seek to preclude defendants from introducing evidence or making arguments that the EEOC's administrative investigation of Hadji's charge was flawed or insufficient. This motion is GRANTED. (The parties have already stipulated that the EEOC Determination will not be introduced into evidence and that no evidence will be adduced concerning it or any findings made in it.) No testimony by Kristine Jensen

---

[1] Plaintiffs' motion to strike defendants' motions in limine is DENIED. (Docket #57)

concerning the sufficiency of the EEOC investigation will be allowed.

**Plaintiffs' No. 4: to exclude evidence regarding EEOC press release:** The motion to exclude the press release and any evidence or arguments concerning EEOC efforts to ameliorate anti-Arab backlash after September 11, 2001 is GRANTED.

**Plaintiffs' No. 5: to exclude evidence of M'Rabet's family life:** The motion to exclude testimony by M'Rabet's wife, Erin Lane, is GRANTED. No evidence concerning M'Rabet's home life or family relationships is relevant to this case, except as described in Plaintiffs' Motion No. 6..

**Plaintiffs' No. 6: to exclude evidence of Hadji's alleged motive for filing suit:** M'Rabet has filed a declaration in which he acknowledges telling his wife that Hadji promised to share proceeds of this lawsuit with M'Rabet. Plaintiffs seek to preclude defendants from eliciting this testimony. That motion is DENIED; defendants may examine M'Rabet (and Hadji) about this issue. Any such examination will not, however, open the door to any further inquiry concerning M'Rabet's home life.

**Plaintiffs' Motion No. 7: to exclude marijuana use by Albion River employees:** GRANTED, except that evidence that M'Rabet used marijuana during the events in question would be admissible.

**Plaintiffs' No. 8: to exclude evidence of offer of alternative employment:** DENIED. Evidence of such an offer by Wells would be relevant whether or not it was communicated to Hadji.

**Plaintiffs' No. 9: to exclude evidence by or regarding Anna Rathbun:** It appears that the decision-maker(s) were not aware of Anna Rathbun's complaints about Hadji until well after his termination. Therefore, and to this extent, the motion is GRANTED.

**Plaintiffs' No. 10: to exclude evidence by or regarding Chris Lods:** It appears that the decision-maker(s) were not aware of Chris Lods' contentions about Hadji until well after his termination. Therefore, and to this extent, the motion is GRANTED.

**Plaintiffs' No. 11: to exclude evidence by or regarding Sandra McElroy:** It appears that the decision-maker(s) were not aware of Sandra McElroy's complaints about Hadji until well after his termination. Therefore, and to this extent, the motion is GRANTED.

**Plaintiffs' No. 12: to exclude evidence by or regarding Juan Baez:** No one has been able to locate Juan Baez. The motion to exclude any testimony by him is GRANTED.

**Plaintiffs' No. 13: to exclude irrelevant evidence concerning M'Rabet's employment at Albion River Inn:** Plaintiffs seek to exclude evidence concerning M'Rabet's employment history, contending its probative value is scant. The motion is DENIED.

**Plaintiffs' No. 14: to exclude irrelevant evidence concerning M'Rabet's 12/04 complaint to defendant:** Plaintiffs seek to exclude evidence of a complaint made by M'Rabet against the Inn, and the resolution of that complaint. The motion is DENIED.

**Plaintiffs' No. 15: to exclude evidence regarding federal law damage cap:** Unopposed and GRANTED.

**Plaintiffs' No. 16: to exclude evidence of Wells' prior business and civil rights experience:** DENIED.

**Plaintiffs' No. 17: to exclude evidence that Hadji's employment was at-will:** DENIED, without prejudice to curative/explanatory instructions as needed.

**Plaintiffs' No. 18: to exclude evidence regarding immigration status:** The parties have represented that all of the witnesses were legally working in this country and none was in violation of immigration laws. Based on this understanding, this motion is DENIED.

**Plaintiffs' No. 19: to exclude evidence regarding complaint by Joshua Johnson:** GRANTED, FRE 401, 403.

**Plaintiffs' No. 20: to exclude evidence re personal information:** Unopposed and GRANTED.

**Defendant's motions:**

**Defendant's Motion No. 1: to reconsider prior orders of September 4, 2007 and September 6, 2007:** DENIED; improper motion to reconsider. LR 7-9.

**Defendant's Motion No. 2: to exclude evidence concerning discussions among Wells, Healy and Jones:** DENIED; improper motion to reconsider. LR 7-9.

**Defendant's Motion No. 3: requesting cautionary jury instruction concerning**

**"charge of discrimination":** DENIED, as premature. The charge will come in, if at all, not for the truth of the matters asserted but merely to demonstrate that it was made. Hadji may be cross-examined concerning all aspects of the charge.

**Defendant's Motion No. 4: seeking a direction to counsel to advise all witnesses to comply with court orders:** DENIED as framed. All counsel, as officers of the court, will be required to inform witnesses prior to their testimony of any orders in limine concerning the appropriate scope of evidence in this case.

**Defendant's No. 5: to preclude evidence or introduction of EEOC Determination:** Unopposed and GRANTED.

**Defendant's Motion No. 6: to bifurcate the trial of the punitive damage phase:** GRANTED. No evidence or argument concerning defendant's net worth may be adduced until the punitive damages phase of the trial, if any.

**Defendant's Motion No. 7: for order that plaintiffs not refer to Wells or Healy as "owners":** DENIED. Defendant is free to present evidence of its corporate structure, but witnesses will not be precluded from testifying to their observations concerning management and control.

**Defendant's Motion No. 8: for order that plaintiffs not assert that corporate defendant owns land:** DENIED. Defendant is free to present evidence concerning legal ownership of property and any leases to or by the Inn, but witnesses will not be precluded from testifying to their observations concerning management and control.

**Defendant's Motion No. 9: for order barring Hadji from testifying as to Inn's net worth:** GRANTED as to first, compensatory damage phase of trial. As to punitive damage phase, if any, GRANTED unless Hadji presents offer of proof that he has knowledge sufficient to provide such testimony.

**Defendant's Motion No. 10: to exclude appraisal of land:** GRANTED as to first, compensatory damage phase of trial. As to punitive damage phase, if any, DENIED provided that adequate foundation and relevancy are established.

**Defendant's Motion No. 11: to preclude Hadji's wife from testifying:** DENIED.

**Defendant's Motion No. 12: to preclude Pamela or Richard Jacobsen from

**testifying:** DENIED.

8. **Further Settlement Conference:** At the pretrial conference, all parties indicated a willingness to attend a further settlement conference. Accordingly, the parties are directed to attend a further settlement conference with Magistrate Judge Edward Chen, at a time convenient to Judge Chen and the parties but prior to February 4, 2008.

**IT IS SO ORDERED.**

Dated: January 25, 2008

_____
SUSAN ILLSTON
United States District Judge