1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. 06-5356 SI |
| Plaintiff, | |
| ABDELLATIF HADJI, | |
| Plaintiff-Intervener, | [PROPOSED] CONSENT DECREE |
| v. | |
| ALBION RIVER INN, INC. | |
| Defendant. | |

Plaintiff U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC")

brought this lawsuit under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights

Act of 1991, to correct alleged unlawful employment practices and to provide appropriate relief to

Charging Party Abdellatif Hadji, who was allegedly adversely affected by such practices.

In the interest of resolving this matter the Commission and Albion River Inn, Inc.,

(hereinafter referred to as "the Parties") have agreed that the above-captioned lawsuit (the

"Lawsuit") should be finally resolved by entry of this Consent Decree.

//

CONSENT DECREE
CV-06 – 06-5356 SI

1

2
This Consent Decree shall not constitute an adjudication and/or a finding on the merits of the

3
Lawsuit and shall not be construed as an admission of liability.  This Consent Decree resolves all

4
claims raised by the EEOC and/or Intervenor Hadji which stem from EEOC Charge No. 370-2005-

5
01017 (Abdellatiff Hadji vs. Albion River Inn) and the EEOC Complaint in this Lawsuit and Mr.

6
Hadji's Complaint in Intervention, and constitutes a complete resolution of all claims of

7
discrimination under Title VII that were made or could have been made by the EEOC and/or

8
Intervenor Hadji based on this charge.  This Consent Decree does not, however, resolve any future

9
charges or charges that may be pending with the EEOC other than the charges and Complaint

10
specifically referenced in this paragraph.

11
This Consent Decree comprises the full and exclusive agreement of the EEOC and Defendant

12
Albion River Inn, Inc. with respect to the matters discussed herein.  No waiver, modification or

13
amendment of any provision of this Consent Decree shall be effective unless made in writing and

14
duly executed by each of all the Parties to this Decree, and any substantive change, modification or

15
amendment of any provision of this Consent Decree shall also require approval by the Court.

16

17
The Court has reviewed this Consent Decree in light of the pleadings, the record herein, and

18
now approves this Consent Decree.

19
**THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

20

21
**I.    GENERAL PROVISIONS**

22
This Court has jurisdiction over the subject matter and the Parties to this Lawsuit.  This Court

23
will retain jurisdiction over this Decree for all purposes until the expiration of Defendant's

24
obligations as set forth herein.

25
This Consent Decree is final and binding upon the Parties, their agents, successors and

26
assigns.  The Parties will each bear their own costs and attorney fees in this action.

27
//

28
2

CONSENT DECREE
CV-06 – 06-5356 SI

1   II.    **GENERAL INJUNCTIVE RELIEF: NON-DISCRIMINATION AND NON-
2          RETALIATION**

3       **Race and/or National Origin Discrimination**: Consistent with Section 703 of Title VII, 42

4   U.S.C. §2000e-2, Defendant and their officers, agents, managers (including supervisory employees),

5   successors and assigns, agree not to discriminate against persons on the basis of race and/or national

6   origin by creating, allowing or otherwise supporting race and/or national origin harassment in the

7   workplace.  For purposes of this paragraph, the procedures of 42 USC § 2000e, et. seq. will apply.

8       **Retaliation**: Consistent with Section 704 of Title VII, 42 USC § 2000e-3, Defendant, their

9
10  officers, agents, managers (including supervisory employees), successors and assigns, are enjoined

11  from engaging in, implementing or permitting any action, policy or practice with the purpose of

12  retaliating against any current or former employee because he or she has in the past, or during the

13  term of this Consent Decree (a) opposed any practice of harassment or other discriminatory acts

14  related to this lawsuit on the basis of race/national origin; (b) filed a Charge of Discrimination

15  alleging any such practice in this case; (c) testified or participated in any manner in any investigation

16
17  (including, without limitation, any internal investigation undertaken by Defendant), proceeding or

18  hearing in connection with this Lawsuit; (d) was identified as a possible witness in this Lawsuit; or

19  (e) asserted any rights under this Consent Decree.

20  III.   **MONETARY RELIEF**

21      Defendant shall pay the total sum of $165,000.00 (the "Settlement Payment") as allocated

22  and described below.

23      a.  Defendant shall pay the Settlement Payment as follows:

24
25  Within the120 days following the entry of this Consent Decree, Defendant shall deliver the

26  Settlement Payment in the form of three business checks in the following manner: one check in the

27  amount of $75,000 made payable to "Abdellatiff Hadji" as compensation for emotional distress; one

28  check in the amount of $75,000 made payable to "Chapman, Popik and White, LLP" as

**CONSENT DECREE**
**CV-06 – 06-5356 SI**

3
.

1    compensation for attorneys' fees; and one check in the amount of $15,000 made payable to

2    "Chapman, Popik and White, LLP" as compensation for litigation costs.

3        b.    The Settlement Payment shall be sent via Federal Express or other certified delivery to

4        David Nied, Chapman, Popik and White, LLP, 650 California Street, 19th Floor, San

5        Francisco, CA  94108.

6

7        c.    Photocopies of checks to be mailed to Linda Ordonio-Dixon, EEOC, 350 The

8    Embarcadero, Suite 500, San Francisco, CA  94105.

9        d.    Defendant shall report the entirety of the Settlement Payment as being made to A. Hadji

10   by issuance of a single IRS Form 1099 under the name and Social Security Number of A. Hadji.

11   Abdellatif Hadji understands and agrees that he will be solely responsible for the payment of any

12   taxes and penalties assessed on these payments and will defend, indemnify and hold defendant free

13   and harmless from and against any and all costs or liabilities (including attorney's fees incurred in

14   defense, payroll taxes, penalties or interest) arising out of any claim that defendant was obligated to

15

16   withhold or pay taxes with respect to these payments.

17       e.    Upon full satisfaction of the entire Settlement Payment, as described in this Section III,

18   Intervenor Abdellatif Hadji shall dismiss with prejudice his Complaint in Intervention filed in this

19   Action.

20

21

22   **IV.    SPECIFIC INJUNCTIVE RELIEF**

23       **EEO and Anti-Discrimination Policies :**  Defendant shall revise their respective

24   discrimination complaint investigation policies within sixty (60) days of the date of entry of  the

25   Consent Decree, such that the policies: (i) include definitions of discriminatory treatment, with

26   specific reference to race and national origin harassment; (ii) include examples of race and national

27   origin harassment, particularly by customers; (iii) provide for appropriate discipline and/or

28
                                              4

**CONSENT DECREE**
**CV-06 – 06-5356 SI**

corrective action for incidents of harassment designed to deter future acts of discrimination; (iv) include strong non-retaliation language with examples to supplement the definition of retaliation; (v) provide for appropriate discipline for incidents of retaliation designed to deter future acts of retaliation; (vi) provide that complaints of discrimination and/or retaliation will be accepted irrespective of whether they are made verbally or in writing; (vii) provide a set procedure for documenting a complaint and/or investigation of harassment in writing; and, (vii) provide for a procedure which allows onsite restaurant management the authority to address worksite harassment to protect employees.

The revised policies shall be submitted to the Commission for review to ensure that the terms above had been met.

Within thirty (30) days after the Commission has reviewed and approved the policies, Defendant shall effectively disseminate the revised policies and procedures by:

      i.      Distributing copies to all current employees within 90 days of the entry of this Consent Decree;

      ii.      Giving a copy to all new employees upon the employees' hire.

**Complaint Procedure:** Defendant shall develop or reaffirm a complaint procedure designed to encourage employees and applicants to come forward with complaints about violations of its discrimination policy. As part of the policy, Defendant shall provide employees with convenient, confidential and reliable mechanisms for reporting incidents of discrimination and retaliation. Said policy shall be continuously posted on employee bulletin boards or in an equally prominent place.

Defendant will submit a copy of the complaint procedures to the EEOC twenty (20) days before the completion of training as required below.

//

5

CONSENT DECREE
CV-06 – 06-5356 SI

1   **Posting:**   An agreed upon Notice of Settlement shall be, and remain, posted in a clearly

2   visible location frequented by employees and applicants.

3   **Training of Employees:**   Defendant shall conduct and require all current and new

4   employees attend anti-discrimination training once every year throughout the duration of this

5   Consent Decree.  The purpose of said training shall be to give participants an understanding of

6   discrimination issues, particularly race and national origin harassment, sources of legal protection for

7   discrimination victims, the employees' obligation to report discrimination, the employer's obligation

8   to take preventive, investigative and remedial action with respect to discrimination complaints, and

9   to review company policies (including discipline policies) and practices related to discrimination and

10  retaliation with employees.

11  **Training Logistics:**    The content, method of training and size of training classes is subject

12  to approval by the Commission which approval shall not be unreasonably withheld and which shall

13  take into consideration Defendant's operational needs. Defendant agrees to provide a description of

14  each training program to counsel for the Commission no later than twenty (20) days before the

15  training programs are scheduled to be held.

16  **Acknowledgment of Training Attendance**:  All persons attending mandatory anti-

17  discrimination training pursuant to this Consent Decree shall sign an acknowledgment of their

18  attendance at the training.  Defendant shall retain the originals of these acknowledgments and

19  provide the EEOC with a copy thereof each year.

20  **Reports to the Commission**

21  a.            *Training Report*:

22  Within thirty (30) days of completion of the training required by this Consent Decree,

23  Defendant will send the EEOC verification of its completion of discrimination/harassment training

24  for its employees.

6

**CONSENT DECREE**
**CV-06 – 06-5356 SI**

1    **Policies Designed to Promote Supervisor Accountability**

2        a.            Communication of Potential Discipline for Engaging in

3   Race, National Origin Harassment and/or Retaliation.

4        Defendant shall impose appropriate discipline, up to and including termination, suspension

5   without pay or demotion, upon any supervisor or manager who engages in race and/or national

6

7   origin harassment or retaliation or knowingly permits any such conduct to occur in his or her work

8   area or among employees under his or her supervision, or who retaliates against any person who

9   complains or participates in any investigation or proceeding concerning such conduct.  Defendant

10  shall communicate this policy to all of their supervisors and managers.

11       b.            Communication of Duty to Actively Monitor Worksite.

12       Defendant will advise all managers and supervisors of their duty to actively monitor their

13

14  work areas to ensure employee compliance with Defendant' anti-discrimination policy, and to report

15  any incidents and/or complaints of discrimination and/or retaliation of which they become aware to

16  the individuals charged with handling such complaints.

17

18  **V.    RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE**

19       a.       This Consent Decree shall terminate three (3) years from the date of entry by the

20  Court, unless the Commission petitions this Court for an extension of the Decree because of non-

21  compliance by Defendant.  If the Commission determines that Defendant has not complied with the

22  Consent Decree, the Commission will provide written notification of the alleged breach and will not

23

24  petition the Court for enforcement sooner than thirty (30) days after providing written notification.

25  The thirty-day period following written notice shall be used by the parties for good faith efforts to

26  resolve the issue.  If the Commission petitions the Court and the Court finds Defendant to be in

27  substantial violation of the terms of the Decree, the Court may extend the termination date of this

28

7

**CONSENT DECREE**
**CV-06 – 06-5356 SI**

1  Consent Decree.

2        b.        Except as provided in the preceding paragraph, three (3) years after the entry of this

3  Consent Decree, this lawsuit will be dismissed with prejudice, provided that Defendant have

4  complied substantially with the terms of this Consent Decree.  Defendant will be deemed to have

5  complied substantially if the Court has not made any findings or orders during the term of the

6  Decree that Defendant has failed to comply with any of the terms of this Decree.  This Consent

7  Decree will automatically expire without further Court Order.

8

9        c.        For purposes of enforcing the provisions of this Consent Decree, and pursuant to

10  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994) and *Flanagan v. Arnaiz*,

11  143 F.3d 540, 543-44 (9th Cir. 1998), this Court will retain jurisdiction of the instant lawsuit until the

12  expiration of the Consent Decree.

13

14

15  **VI.      ASSIGNMENT TO U.S. MAGISTRATE JUDGE FOR BINDING
            DETERMINATION CONSENT TO JURISDICTION, AND WAIVER OF
16          APPEAL**

17     The Court assigns the determination of any issue or matter arising in the future out of this

18  Consent Decree or related in any way thereto, including all matters of interpretation and

19  enforcement, to the Honorable United States Magistrate Judge Edward M. Chen, of the Northern

20  District of California, who received the Parties agreement to this Consent Decree on the record in

21  open court on February 4, 2008.

22

23     This assignment is made at the specific request of the Parties, and the Court finds pursuant to

24  28 U.S.C. Section 636 and Local Rules 72 and 73, that the Parties have irrevocably consented on the

25  record to the jurisdiction of United States Magistrate Judge Chen for all such purposes.  The Court

26  finds on the consent and express waiver of the Parties on the record that any determination hereunder

27  by United States Magistrate Judge Chen shall be binding and nonappealable.

28

8

**CONSENT DECREE**
**CV-06 – 06-5356 SI**

1

2    IT IS SO ORDERED:

3

4    Dated:___2/27/08_____            _____
                                                 United States District Court Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                               9
     **CONSENT DECREE**
     **CV-06 – 06-5356 SI**                      .

1

## NOTICE of SETTLEMENT

2

3    This Notice is being posted pursuant to a Consent Decree in settlement of all claims related to the federal lawsuit Equal Employment Opportunity Commission/Abdellatiff Hadji vs. Albion River Inn, Inc. (Civil Action 06-5356 SI, Northern District of California).

4

5    The Consent Decree does not constitute an adjudication and/or a finding on the merits of the Lawsuit and should not be construed as an admission of liability by Albion River Inn.  Albion River Inn and the EEOC each have voluntarily entered into the Consent Decree.

6

7    The Albion River Inn has agreed to observe the anti-discrimination and anti-retaliation laws of the United States.

8

9    As detailed in the referenced Consent Decree, Defendant Albion River Inn Inc. is ordered to do the following:

10

11
    1.     Pay Abdellatif Hadji certain damages and attorney fees.
    2.     Revise company anti-discrimination policies
    3.     Develop a discrimination complaint procedure

12
    4.     Provide additional training to employees in anti-discrimination issues
    5.     Make reports to the EEOC regarding training conducted under the Consent Decree

13
    6.     Institute new policies to promote supervisor accountability for harassment occurring in the workplace

14
    7.     Post this Notice of Settlement.

15

16

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED OR REMOVED BY ANYONE

17

18    This notice must remain posted for three years from the date below and must not be altered, defaced or covered by any other material.  Any questions about this Notice of Settlement or compliance with its terms may be directed to EEOC Attorney Linda Ordonio-Dixon at (415) 625-5654/toll free at (800) 669-4000.  The EEOC charges no fees and has employees who speak languages other than English.

19

20

21

22    By Consent Decree dated: _____

23

24

25

26

27

28

10
.

**CONSENT DECREE**
**CV-06 – 06-5356 SI**

1  **WILLIAM R. TAMAYO, SBN 084965**
   **JONATHAN T.  PECK SBN 12303 (VA)**
2  **LINDA S. ORDONIO-DIXON, SBN 172830**
   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
3  **San Francisco District Office**
   **350 The Embarcadero, Suite 500**
4  **San Francisco, CA 94105-1260**
   **Telephone No. (415) 625-5654**
5  **Fax No. (415) 625-5657**

6  **Attorneys for Plaintiff**

7

8                           **UNITED STATES DISTRICT COURT**

9                    **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

11 | **EQUAL EMPLOYMENT** | **Case No.  C 06-05356 SI** |
   | **OPPORTUNITY COMMISSION,** | |
12 | | |
   | **Plaintiff,** | **E-FILING CONCURRENCE FOR** |
13 | | **[PROPOSED] CONSENT DECREE** |
   | **ABDELLATIFF HADJI,** | |
14 | | |
   | **Plaintiff-Intervener,** | |
15 | **v.** | |
16 | **ALBION RIVER INN,** | |
17 | **Defendants.** | |

18

19        I, LINDA S. ORDONIO-DIXON, lead counsel for plaintiff Equal Employment Opportunity

20 Commission, attest that I have obtained the concurrence of David Nied, lead counsel for plaintiff-

21 intervenor Abdellatiff Hadji and  Raymond Erlach, counsel for defendant Albion River Inn, Inc., for

22 the filing of the attached [Proposed] Consent Decree.  I further attest that all parties have approved the

23 contents of the Decree.

24

25 Dated: February 26, 2008

26                          By:    //s//
                                  Linda S. Ordonio-Dixon
27

28

**E-Filing Concurrence**
**C 06-05356 SI**